UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Alfred William LaSure, | Civil Action No.: 9:15-cv-01357-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| S.C. Mental Health; and Cynthia Helff, *Program Director*, and John McGill, *both in their official and individual capacities*, | |
| Defendants. | |

Plaintiff Alfred William LaSure, a state civilly committed person proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Defendants have filed a motion for summary judgment. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 82. The Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment and dismiss this case. R & R at 14. Plaintiff has filed objections to the R & R. *See* ECF No. 84.

## Legal Standards

**I.    Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

---

[1] The Magistrate Judge reviewed Plaintiff's complaint and amended complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.     Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and

inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## Background[2]

Plaintiff is a civilly committed person in the South Carolina Department of Mental Health ("SCDMH") pursuant to the South Carolina Sexually Violent Predator Act ("SVPA"), S.C. Code Ann. §§ 44-48-10 through -170. Plaintiff has filed an amended complaint, with attached exhibits, against the SCDMH, John McGill, and Cynthia Helff (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, alleging he has been subjected to several unconstitutional conditions of confinement including: (a) restriction of his canteen privileges; (b) placement on therapeutic room restriction; and (c) being restrained in shackles and handcuffs during transport. *See* Pl.'s Am. Compl. & Exhs., ECF No. 8. Plaintiff also alleges a deprivation of property claim and challenges the constitutionality of the SVPA, claiming it is punitive in nature. *Id.*

## Discussion

The Magistrate Judge recommends granting summary judgment as to all three Defendants and dismissing this case. R & R at 14. Plaintiff has filed objections to the R & R.[3] *See* Pl.'s Objs., ECF

---

[2] The Magistrate Judge's R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

[3] In his objections, Plaintiff alleges new facts and asserts additional claims regarding his privacy and being unable to speak with other residents. *See, e.g.*, Pl.'s Objs. at 2-3, 5. The Court notes Plaintiff cannot use his objections to plead new facts or assert new claims not originally alleged in his pleadings. *See* 28 U.S.C. § 636(b)(1) (providing de novo review encompasses a "determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(2)-(3) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (specifying a district court has the duty "to consider all *arguments* . . . , regardless of whether they were raised before the magistrate" (emphasis added)); *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . .").

3

No. 84.  Defendants have filed a response to Plaintiff's objections, and Plaintiff has filed a reply[4] to Defendants' response.  *See* ECF Nos. 85 & 87.

I.  **Defendants SCDMH and McGill**

As an initial matter, the Court notes Plaintiff does not specifically object to the Magistrate Judge's recommendation that Defendants SCDMH and McGill be dismissed.  *See* R & R at 9-11.  Finding no clear error, the Court adopts this recommendation and will dismiss these two defendants from this action.  *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199-200.

II.  **Defendant Helff**

Plaintiff does object to the Magistrate Judge's discussion regarding Defendant Helff, his conditions of confinement claims (those involving restriction of his canteen privileges and use of restraints), and his deprivation of property claim.[5]  *See* Pl.'s Objs. at 3-4.

   A.  **Conditions of Confinement Claims**

      1.  **Canteen Privileges**

Applying the professional judgment standard articulated in *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982), the Magistrate Judge has concluded Defendant Helff is not subject to liability as to Plaintiff's canteen privileges claim.  *See* R & R at 11-14.  In *Youngberg*, the Supreme Court recognized that a person who is involuntarily committed to a state hospital retains constitutionally protected liberty interests, and that protection of those interests generally requires the exercise of professional judgment.  457 U.S. at 319-23.  The Supreme Court held a "decision, if made by a professional, is presumptively

---

[4]     Although Federal Rule of Civil Procedure 72(b) does not provide for a reply to a response to objections, the Court has nonetheless reviewed Plaintiff's reply and notes it reiterates many of the arguments in his objections.

[5]     The Court notes Defendant Helff correctly argues she is entitled to Eleventh Amendment immunity from monetary damages to the extent she is sued in her *official* capacity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

4

valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 323 (internal footnote omitted).

Plaintiff asserts Defendant "Helff has no license or college degree in being a professional sexual treatment expert." Pl.'s Objs. at 4. However, Defendant Helff states in her sworn affidavit that she has held the position of Program Manager I within the Sexually Violent Predator Treatment Program ("SVPTP") since May 2007, is chair of the Behavior Management Committee,[6] trains staff members on behavioral and treatment-related issues, and helps develop the policies and procedures for the SVPTP. Helff Aff., ECF No. 55-7 at 1-2. The Supreme Court in *Youngberg* defined a "'professional' decisionmaker . . . [as] a person competent, *whether by education, training or experience*, to make the particular decision at issue." 457 U.S. at 323 n.30 (emphasis added). Thus, contrary to Plaintiff's assertion, a license or college degree is not a prerequisite to being considered a "'professional' decisionmaker"; Defendant Helff's nine-year tenure as program manager indicates she is competent by "training or experience" to make the particular decisions affecting Plaintiff.

### 2. Restraints

Plaintiff also disputes the following sentence on page seven of the R & R: "Helff further attests that when inmates are transported outside the treatment facility, they are placed in restraints out of concern for safety of the employees and the general public, and not as a form of punishment." R & R

---

[6] According to the SCDMH's "Behavior Management Policy," the Behavior Management Committee is "comprised of multiple disciplines" (such as management staff, licensed nursing staff, unlicensed nursing staff, public safety officers, and mental health professionals) and "may make treatment recommendations including placement on any status." ECF No. 55-3 at 7-8. The SVPTP Director designates the chair of the committee. *Id.* at 7.

at 7 (summarizing Defendant Helff's affidavit); *see* Pl.'s Objs. at 3. Plaintiff argues that being restrained in shackles and handcuffs for transport is an unconstitutional condition of confinement.[7] Pl.'s Objs. at 3-4; *see also* Am. Compl. at 3.

State officials may restrain committed individuals "when and to the extent professional judgment deems this necessary to assure such safety or to provide needed training." *Youngberg*, 457 U.S. at 324. Moreover, as another judge in this district recently observed, "[t]he S.C. Department of Mental Health's policy and practice of restraining residents [who are civilly committed under the SVPA] when being transported for safety reasons is not a constitutional violation." *Hamm v. Scaturo*, No. 9:15-cv-02734-RMG, 2016 WL 4071957, at *3 (D.S.C. July 28, 2016) (rejecting the plaintiff's claim that "being shackled for transport is a constitutional violation"). Accordingly, the Court overrules Plaintiff's objection concerning his restraints claim.

### B.     Deprivation of Property Claim

Plaintiff states in his objections that the Magistrate Judge "failed to perform fact finding as to [Plaintiff]'s other claims on fundamental rights and our liberty interest and First Amend rights on our mail." Pl.'s Objs. at 2. He further asserts the "right to freedom of speech includes not only the right to utter or to print, but the right to distribute, the right to receive, and the right to read as well as freedom of inquir[y] and freedom of thought." *Id.* He concludes his objections by referring to the

---

[7]     The Magistrate Judge did not specifically analyze the merits of the restraint claim, which Plaintiff raised in his amended complaint and has pursued in his objections. *See* Am. Compl. at 3. The Court addresses Plaintiff's objection in light of its duty to consider all arguments directed to an issue, regardless of whether the arguments were presented to the Magistrate Judge. *See generally United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate. By definition, *de novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate." (footnote omitted)).

6

"substantive due process claim over the deprivation of . . . 14th Amend rights when it comes to personal property [and] mail . . . ." *Id.* at 5. Liberally construed, Plaintiff's objection appears to relate to the Magistrate Judge's discussion of Plaintiff's claim regarding the alleged confiscation of his personal property.

In the "Background and Evidence" section of the R & R, the Magistrate Judge notes Plaintiff attached to his response in opposition to Defendants' motion for summary judgment a copy of a "Presentment" dated June 10, 2012, and addressed to Defendant Helff, wherein Plaintiff demands payment of $424.97 for 120 magazines that had not been returned to him. R & R at 8 (citing ECF No. 60-1 at 1-2). Later in the "Discussion" section, the Magistrate Judge states that "in his response brief, Plaintiff spends considerable time complaining about a confiscation of personal property (apparently some magazines). That is not a claim set forth in Plaintiff's Amended Complaint. Therefore, even if Plaintiff is now attempting to assert this issue as a separate claim in this lawsuit, it should be dismissed." *Id.* at 14.

The Court respectfully disagrees with the Magistrate Judge's finding that Plaintiff did not set forth the confiscation of personal property claim in his amended complaint. The Court has reviewed Plaintiff's amended complaint and the attached exhibits, and liberally construing them, it appears Plaintiff alleged a due process deprivation of property claim against Defendant Helff regarding his confiscated magazines and other mail. *See Gordon*, 574 F.2d at 1151 (stating a court has a duty to liberally construe the pleadings of a pro se litigant).

In his amended complaint, Plaintiff states that he "wish[es] to enter as exbit's [*sic*] to clearly show the wid[e] range of rule violations" and that "it is clearly established that an inmate has a state-created liberty interest and a right to be free from restrictions that imposed atypical and significant

7

hardship on the inmate relation to ordinary incidents of prison life." Am. Compl. at 4-5. Among the exhibits attached to the amended complaint are administrative grievances filed by Plaintiff and responses to the grievances, including the following:

(1) a SVPTP Grievance Appeal Form dated March 17, 2014, in which Plaintiff alleges a "Ms. Jackson" refused to give him his *Discovery* magazine and other magazines that he "paid for years in advance";

(2) a letter from Versie Bellamy dated May 5, 2014, upholding the Grievance Committee's decision regarding Plaintiff's March 17, 2014 Grievance Appeal Form;

(3) a Grievance Appeal Form dated April 23, 2014, in which Plaintiff alleges four public safety officers performed a room shakedown and removed *Popular Science*, *Discover*, and *Popular Mechanics* magazines, and demands he "be paid for all the mags";

(4) a letter from Bellamy dated May 23, 2014, upholding the Grievance Committee's decision regarding Plaintiff's April 23, 2014 Grievance Appeal Form;

(5) a Grievance Appeal Form dated September 18, 2013, in which Plaintiff alleges "staff here at S.V.P.T.P. has no legal right to withhold mail of any type," including "a paid subscription of mags and/or books" that comes with free gifts;

(6) a letter from Bellamy dated September 23, 2013, upholding the Grievance Committee's decision regarding Plaintiff's September 18, 2013 Grievance Appeal Form; and

(7) a "Memorandum" dated June 15, 2012, addressed to Plaintiff from the "Behavioral Management Committee," and initialed by "CH",[8] which states Plaintiff possessed "contraband – unauthorized property > 120 magazines (which poses a fire hazard)."

*See* Exhs. to Am. Compl., ECF No. 8-1 at 11-14, 20-21, 26. Significantly, Plaintiff alleges in his

---

[8] The typed June 15, 2012 Memorandum contains the handwritten initials "CH." *See* ECF No. 8-1 at 26. A similar memorandum (dated December 5, 2014) that Defendants attached as an exhibit to their motion for summary judgment likewise includes the handwritten initials "CH." *See* ECF No. 55-6 at 1. It would appear "CH" stands for Defendant Cynthia Helff, who according to her affidavit, is the chair of the Behavior Management Committee. *See* Helff Aff., ECF No. 55-7 at 1.

amended complaint that the Behavior Management Committee consists of Defendant Helff and three other individuals. Am. Compl. at 4.

In light of its duty to liberally construe Plaintiff's amended complaint and incorporated exhibits, which is a pro se pleading, the Court finds Plaintiff has alleged a due process claim against Defendant Helff relating to the deprivation of his personal property, namely the confiscation of his magazines and other mail. Accordingly, it was proper for Plaintiff to present evidence on this claim, which he did by attaching the June 10, 2012 "Presentment" to his response in opposition to Defendants' motion for summary judgment. *See* ECF No. 60-1 at 1-2; *see generally Haines v. Kerner*, 404 U.S. 519, 521 (1972) (concluding that because the pro se plaintiff's complaint adequately stated a claim, he was "entitled to an opportunity to offer proof"). Because Plaintiff has specifically objected to the Magistrate Judge's failure to address the deprivation of property claim, the Court will address the merits of the claim. *See* Pl.'s Objs. at 2.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim for confiscated property sounds in negligence, such a claim fails.

Moreover, an intentional deprivation of property by a state official, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). Under South Carolina law, a plaintiff may institute an action for recovery of personal property against a state official who deprives him of property without state

9

authorization. *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*, which is entitled "Recovery of Personal Property"). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). The doctrine of sovereign immunity does not bar recovery in such a situation because "[s]tate officials are not immune from liability for ministerial acts performed contrary to their duties." *Id.* As such, Plaintiff's due process claim for deprivation of property fails.

Finally, the Court notes Defendants attached to their motion for summary judgment a copy of the SCDMH's "Policy and Procedure" regarding "Contraband." ECF No. 55-4. This policy states, "Any article which proves to be dangerous, to be hazardous, or to interfere with the treatment goals of the program is considered contraband." *Id.* at 1. The June 15, 2012 "Memorandum" exhibit attached to Plaintiff's amended complaint states he possessed "contraband – unauthorized property > 120 magazines (which poses a fire hazard)." ECF No. 8-1 at 26. Although Plaintiff "enjoys constitutionally protected interests in conditions of . . . reasonably nonrestrictive confinement conditions," the Court is mindful that "[t]he State also has the unquestioned duty to provide reasonable safety for all residents and personnel within the institution." *Youngberg*, 457 U.S. at 324. Not allowing Plaintiff to keep 120 magazines in his room due to them being a fire hazard falls within the purview of the State's duty to ensure the reasonable safety of Plaintiff and other residents.

In summary, the Court modifies the R & R to reflect that Plaintiff properly pled a deprivation of property claim in his amended complaint and did not do so for the first time when responding to Defendants' motion for summary judgment. This due process claim, however, fails as a matter of law because South Carolina law provides Plaintiff an adequate post-deprivation remedy. Accordingly, the Court will grant summary judgment on this claim and overrule Plaintiff's objection. *See, e.g.*, *Gibson*

*v. Scaturo*, No. 2:13-cv-03134-MGL, 2015 WL 4744563, at *5 (D.S.C. Aug. 11, 2015) (involving a plaintiff civilly committed pursuant to the SVPA and holding the plaintiff's "due process claims for the loss of his property fail as a matter of law" because he had an adequate post-deprivation remedy under S.C. Code Ann. § 15-69-10 *et seq.*); *Smyth v. Urch*, No. 0:13-cv-02691-RBH, 2014 WL 6646964, at *4 (D.S.C. Nov. 24, 2014) ("To the extent that Smyth alleges that his *personal mail* was withheld, this allegation fails to rise to the level of a constitutional violation, as he has a meaningful post-deprivation remedy available under state law.").

## IV.     Plaintiff's Other Objections

Plaintiff presents several other objections to the R & R. First, he asserts the Magistrate Judge erred "by not assessing [whether] S.C. Civil[] Commitment Law is being followed as to S.V.P.T. Program." Pl.'s Objs. at 1. However, Plaintiff has filed this action pursuant to 42 U.S.C. § 1983,[9] and "violations of state law are not cognizable under § 1983." *Love v. Pepersack*, 47 F.3d 120, 124 n.5 (4th Cir. 1995). *See also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Section 1983 was intended to protect only federal rights guaranteed by federal law . . . ."); *Wofford v. Evans*, 390 F.3d 318, 325 (4th Cir. 2004) ("[V]iolations of state law are insufficient by themselves to implicate the interests that trigger a due process claim."). Thus, to the extent Plaintiff claims the SVPTP is not complying with South Carolina civil commitment law, the Court will not address this state law claim.[10]

---

[9]     *See* Am. Compl. at 1 ("Comes now P[laintiff] with this his Amended Complaint **under 42 U.S.C. 1983**." (emphasis added)).

[10]    To the extent Plaintiff's amended complaint could be construed to assert state law claims over which the Court would possess supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), such claims should not proceed, given the Court's dismissal of all federal claims. *See* 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Next, Plaintiff objects to the Magistrate Judge's use of the word "inmates" to describe the residents in the SVPTP. Pl.'s Objs. at 1. By definition, an inmate is "[a] person confined to *an institution* such as a prison *or hospital*." Inmate, *Oxford Dictionary*, http://www.oxforddictionaries.com/us/definition/american_english/inmate (last visited Sept. 7, 2016) (emphases added). Additionally, other decisions involving the SVPA have referred to residents as inmates. *See, e.g.*, *Hamm*, 2016 WL 4071957, at *1; *Treece v. Winston-Wood*, 3:10-cv-02354-DCN-JRM, 2012 WL 887476, at *1 (D.S.C. Feb. 23, 2012). Plaintiff is a civil inmate involuntarily committed to the custody of the South Carolina Department of Mental Health, a state institution. The Magistrate Judge did not err in classifying Plaintiff as an "inmate," and in any event, the usage of this descriptive term is of no consequence to the Court's disposition of this case.

Plaintiff also objects to the Magistrate Judge not conducting an evidentiary hearing based on the thirty-three pages of exhibits attached to his amended complaint. Pl.'s Objs. at 3. Although a magistrate judge may conduct an evidentiary hearing on a motion for summary judgment, *see* 28 U.S.C. § 636(b)(1), it is "not usually appropriate . . . to conduct evidentiary hearings in preparation for ruling on summary judgment motions." *PHP Healthcare Corp. v. EMSA Ltd. P'ship*, 14 F.3d 941, 944 (4th Cir. 1993) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2723 (1983)). A "court should use oral testimony on a summary-judgment motion sparingly and with great care," and "affidavits are preferable to oral testimony in a Rule 56 proceeding because they are the more efficient means of pinpointing disputed factual issues and because the summary-judgment hearing is not meant to be a preliminary trial." 10A Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 2723 (3d ed. 1998).[11] Here, the Magistrate Judge had no reason to conduct an evidentiary hearing because he was able to review the materials in the record—including affidavits from Plaintiff,[12] Defendant Helff, and Holly Scaturo—in considering Defendants' motion for summary judgment.

The remainder of Plaintiff's objections are a general challenge to the constitutionality of the SVPA and its allegedly punitive nature. *See* Pl.'s Objs. at 1-2, 4-5. As the Magistrate Judge observed, courts have consistently upheld the constitutionality of the SVPA and determined it is a non-punitive form of civil commitment. *See, e.g.*, *Seling v. Young*, 531 U.S. 250 (2001); *Kansas v. Hendricks*, 521 U.S. 346 (1997); *In re Matthews*, 345 S.C. 638, 648-51, 550 S.E.2d 311, 315-17 (2001) (citing the United States Supreme Court's decision in *Hendricks* as "controlling" and concluding the SVPA is civil rather than criminal and that confinement under the SVPA is non-punitive), *cert. denied*, 535 U.S. 1062 (2002); *In re Allen*, 351 S.C. 153, 568 S.E.2d 354 (2002); *In re Treatment & Care of Luckabaugh*, 351 S.C. 122, 568 S.E.2d 338 (2002). *See also Michau v. Charleston Cty.*, 434 F.3d 725, 727 (4th Cir. 2006) ("Michau is presently being detained under the SVPA, which creates a system of civil, not criminal, detention." (emphasis added)).

## **Conclusion**

The Court has thoroughly reviewed the entire record, including the Magistrate Judge's R & R and Plaintiff's objections. The Court has conducted a de novo review of those portions of the R & R

---

[11] "Even though Rule 56 is silent on the point, it generally is acknowledged that courts may authorize the use of oral testimony on motions for summary judgment." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2723 & n.1 (3d ed. 1998) (citing *Millner v. Norfolk & W. R. Co.*, 643 F.2d 1005, 1011 n.1 (4th Cir. 1981)).

[12] Plaintiff's verified amended complaint is viewed as an opposing affidavit and may, standing alone, defeat summary judgment if it contains allegations that are based on personal knowledge. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

to which Plaintiff specifically objects.  For the reasons stated in this Order, the Court overrules all of Plaintiff's objections and adopts the R & R [ECF No. 82], *except as modified above (regarding Plaintiff's deprivation of property claim).*

Accordingly, the Court **GRANTS** Defendants' motion for summary judgment [ECF No. 55] and **DISMISSES** Plaintiff's claims brought under 42 U.S.C. § 1983 *with prejudice*.[13]  The Court **DENIES** Plaintiff's motion to consolidate [ECF No. 89] and Defendants' motion to strike [ECF No. 92] as moot.

**IT IS SO ORDERED.**


Florence, South Carolina                                              s/ R. Bryan Harwell
September 20, 2016                                                    R. Bryan Harwell
                                                                      United States District Judge

---

[13] Plaintiff's state law claims, if any, are **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1367(c).